UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUESO, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC; et al.,<br><br>                             Defendants. | Case No.: 18cv1892 JM(WVG)<br>                  19cv0606 JM(WVG)<br><br>**ORDER VACATING DEFAULT IN LOW NUMBERED CASE AND DISMISSING DUPLICATIVE ACTION** |

      Upon review of the complaints in two cases, *Hueso v. Select Portfolio Servicing, Inc., et. al,* 18cv1892 JM(WVG) (the "2018 Action") and *Hueso v. Select Portfolio Servicing, Inc., et. al.,* 19cv606 JM(WVG) (the "2019 Action"), it has come to the court's attention that these cases are not simply related but are in fact identical. Both cases allege Real Estate Settlement Procedure Act ("RESPA") violations in connection with the foreclosure proceedings on the same subject property and involve the same parties. Neither party drew the existence of this earlier action or the posture of these dual cases to the court's attention.

      The 2018 Action was initiated on August 13, 2018 with the filing of the original complaint. (Doc. No. 1.) On October 18, 2018, Defendants Select Portfolio Servicing, Inc., Quality Loan Service Corporation and Credit Suisse Financial Corporation filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) with a noticed hearing date of November 26, 2018. (Doc. No. 3.) On November 19, 2018, considering

Plaintiff's failure to oppose the motion, and for the reasons set forth by Defendants, the court granted Defendants' motion to dismiss without prejudice. (Doc. No. 4.) The court did not grant Plaintiff leave to file an amended complaint. On the same day, the court entered Judgment, (Doc. No. 5) and the Clerk of Court promptly closed the case. On November 20, 2018, without seeking leave of the court, Plaintiff filed an Amended Complaint ("FAC"). (Doc. No. 6.) On December 26, 2018, Plaintiff filed a Three Day Notice of Intent to Take Default Against Defendants (Doc. No. 7), asserting the deadline to file a responsive pleading to the FAC was December 11, 2018. (*Id.* at 2.) On January 3, 2019, Plaintiff filed a Request for Entry of Clerk Default. (Doc. No. 8.) None of these subsequent filings were rejected by the Clerk's Office or received discrepancy orders from the court. On April 30, 2019, the court, overlooking the earlier Judgment (Doc. No. 5), instructed the Clerk's office to enter the requested default, (Doc. No. 9).

On April 1, 2019, Plaintiff filed the complaint in the 2019 action and a summons issued. (Doc. Nos. 1, 2 on the docket in 19cv606.) On April 5, 2019, the 2019 Action was transferred from the Honorable Larry A. Burns to the undersigned pursuant to the low number rule. (Doc. No. 3 on the docket in 19cv606.) It appears that rather than inquire with the court as to the status of the 2018 Action, Plaintiff's counsel simply chose to file a new lawsuit. The complaint in the 2019 Action is identical to the amended complaint in the 2018 action. (*Compare* Doc. No. 6 on the docket in 18cv1992 *with* Doc. No. 1 on the docket in 19cv606.) On April 30, 2019, Defendants Select Portfolio Servicing, Inc., and Credit Suisse Financial Corporation filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) with a noticed hearing date of June 3, 2019 in the 2019 Action. (Doc. No. 5 on the docket in 19cv606). Notably, the motion to dismiss makes no mention of the earlier Judgment (Doc. No. 5 on the docket 18cv1892) entered in the 2018 Action.

Thus, the court is faced with a unique situation. In the interests of justice, in order to avoid any possible forum shopping, and in fairness to the parties, the court has determined the best way to proceed is to reinstate the 2018 action, 18cv1892 JM(WVG). If Plaintiff wishes to proceed with his claims against Defendants, he must either: 1) request

leave to file the Amended Complaint, or 2) seek leave to file an opposition to the motion to dismiss. Plaintiff has up to and including **May 21, 2019,** to file his motion and is reminded that the grounds under which he seeks relief must be in accordance with to the Federal Rules of Civil Procedure.

In light of the above, the Court ORDERS:

1. the Clerk's Entry of Default in 18cv1892 JM(WVG) is hereby VACATED; and,

2. the Clerk of the Court is ORDERED to CLOSE 19cv606 JM(WVG).

IT IS SO ORDERED.

Dated: May 8, 2019

_____
Hon. Jeffrey T. Miller
United States District Judge