UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUESO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC; et al.,<br><br>Defendants. | Case No.: 18cv1892 JM(WVG)<br><br>**ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Presently before the court is an *Ex Parte* Application for Leave to File First Amended Complaint ("FAC") filed by Plaintiff Robert Hueso. (Doc. No. 11.) The motion has been fully briefed and the court finds it suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, the motion is GRANTED.

I. **Procedural Background**

On August 13, 2018 Plaintiff filed a complaint for damages and injunctive/declaratory relief. (Doc. No. 1.) On October 18, 2018, Defendants Select Portfolio Servicing, Inc., Quality Loan Service Corporation and Credit Suisse Financial Corporation filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) with a noticed hearing date of November 26, 2018. (Doc. No. 3.) On November 19, 2018, considering Plaintiff's failure to oppose the motion, and for the reasons set forth by Defendants, the court granted Defendants' motion to dismiss without prejudice. (Doc. No. 4.) The court did not grant Plaintiff leave to file an amended

complaint. On the same day, the court entered Judgment, (Doc. No. 5) and the Clerk of Court promptly closed the case.

On November 20, 2018, without seeking leave of the court, Plaintiff filed an Amended Complaint. (Doc. No. 6.) On December 26, 2018, Plaintiff filed a Three Day Notice of Intent to Take Default Against Defendants (Doc. No. 7), asserting the deadline to file a responsive pleading was December 11, 2018. (*Id.* at 2.) On January 3, 2019, Plaintiff filed a Request for Entry of Clerk Default. (Doc. No. 8.) None of these subsequent filings were rejected by the Clerk's Office nor received discrepancy orders from the court. On April 30, 2019, the court, overlooking the earlier Judgment (Doc. No. 5), instructed the Clerk's office to enter the requested default. (Doc. No. 9).

On April 1, 2019, Plaintiff initiated a second action against Defendants. *See Hueso v. Select Portfolio Servicing., Inc.*, *et. al.* 19cv606 JM (WVG) (the "2019 Action"). The complaint filed in the 2019 Action was for all intents and purposes the amended complaint Plaintiff had filed on November 2018 in this action. On May 8, 2019, once the identical nature of the actions came to the court's attention, in the interest of justice, to avoid forum shopping and in fairness to the parties, the court closed the 2019 Action and gave Plaintiff the choice of either requesting leave to file an FAC or filing an opposition to the motion to dismiss in the original suit. (Doc. No. 10)

On May 20, 2019, Plaintiff filed the Motion for Leave to File First Amended Complaint. (Doc. No. 11.) Defendants filed a response in opposition (Doc. No. 13), and Plaintiff filed a reply (Doc. No. 14).

II. Discussion

Plaintiff seeks leave to amend under Federal Rule of Civil Procedure 15(a), which states "[t]he court shall freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy,* 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States,*

481 F.2d 1187, 1190 (9th Cir. 1973). These factors, however, are not of equal weight, with delay alone being an insufficient ground for denial of leave to amend. *United States v. Webb,* 655 F.2d 977 (9th Cir. 1981). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC,* 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999)).

Defendants oppose amendment on the grounds that Plaintiff has failed to provide any justification for his failure to comply with this court's Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 13 at 3-4.) Further, Defendants contend that Plaintiff's motion should be denied because neither a copy of the proposed amended pleading nor a redlined version of the proposed amendment have been attached to the motion in accordance with Local Rule 15.1.[1] (*Id.* at 4-5.) Finally, Defendants argue that Plaintiff has not demonstrated that leave to amend is warranted. (*Id.* at 5-7.)

For the reasons detailed below, the court holds that allowing Plaintiff to file a FAC would not prejudice Defendants and that Defendants have not made a "strong showing" of futility necessary to overcome the presumption in favor of granting leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

*Futility of Amendment*

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988); *see also California v. Neville Chem. Co.*, 358 F.3d 661, 673-74 (9th Cir. 2004) ("Futility includes the inevitability of a claim's defeat on summary judgment.") (quoting *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987)). Futile amendments to a complaint should not be

---

[1] Plaintiff attached a redlined version of the FAC with his reply, and therefore, the court deems this argument moot.

3

18cv1892 JM(WVG)

permitted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (citations omitted).

Defendants, relying on the court's earlier dismissal order, oppose claiming the FAC does not correct any of the deficiencies of the original complaint. But aside from making generalized arguments, Defendants have not provided any evidence that amendment would be futile or pointed to a specific cause of action that has been insufficiently alleged. The court has reviewed the redlined version of the FAC and cannot conclude that amendment would be clearly futile. *See Duchemin v. Leido, Inc.*, Case No.: 18-cv-00012-GPC-MDD, 2018 WL 2229368, at * 2 (S.D. Cal. May 16, 2018) ("While courts determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, such issues are 'often more appropriately raised in a motion to dismiss rather that in an opposition to a motion for leave to amend.'" (quoting *SAES Getters S.P.A v. Aeronex, Inc.,* 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002))).

*Undue Prejudice*

The Ninth Circuit and others have held that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital,* 316 F.3d at 1052. The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs,* 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

Defendants' opposition is silent regarding what, if any, prejudice they may suffer. Taking into consideration the posture of this and the 2019 Action, the court has determined that the filing of an amended complaint at this early stage of the litigation would not be unduly prejudicial. Nothing has occurred in this case since the first motion to dismiss was granted, so allowing the amendment would neither "greatly alter[] the nature of the litigation [nor] require[] [Defendants] to . . . undertake[], at a late hour, an entirely new course of defense." *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). While there is some evidence that Defendants will be prejudiced by

4

allowing the FAC to be filed, it is counterbalanced by the fact that the 2019 Action has been closed.  Therefore, the court concludes that whatever prejudice Defendants will suffer, it does not rise to the level sufficient for the Court to consider it to be "unduly" prejudicial.  Therefore, this factor weighs in favor of granting leave to amend.

*Undue Delay*

Here, Defendants take issue with the fact that Plaintiff was in possession of all the information needed to seek leave to amend as early as November 2018 but waited over six months before doing so.  Plaintiff counters that "Defendants' showing demonstrates that counsel disagreed over the proper procedure to follow, but only Plaintiff's counsel undertook any steps to move the case along." (Doc. No. 14 at 3.)  Because of the unique posture of this case, the court finds this fact neutral in weighing whether to grant leave to amend.  *See Howey,* 481 F.2d at 1190-91 (delay alone is not sufficient to justify the denial of a motion requesting leave to amend).

*Bad Faith*

Defendants ask the court to view Plaintiff's counsel's repeated refusal to comply with both the Federal Rules of Civil Procedure and Local Rules as "indicative of bad faith." (Doc. No. 13 at 4.)  In support of their position, Defendants point to counsel's filing of the amended complaint in November 2018 without leave of court after the post judgment was entered, and the subsequent filing of the Notice of Intent to Take Default and Request for Entry of Default on January 3, 2019.  Defense counsel informs that she attempted to contact Plaintiff's counsel about the Default and that she received a response from Mr. Faust "stating he believed the court would disregard the closing of the case and he therefore intended to pursue the entry of default." (Doc. No. 13-1 at ¶ 7; *see also id.* at 6.)  No further communication occurred between the attorneys until April 3, 2019.  (*Id.* at ¶ 8.)
In response, Plaintiff asserts that "if there was an error in the filing dates, it was the result of inadvertence while in the midst of trial and not as a result of any intentional attempt to take advantage of Defendants." (Doc. No. 14 at 5; *see also* Doc. No. 14-1, Faust Decl. at ¶ 3.)

5

The parties dispute what happened in both this and the 2019 Action, and while the court is not enamored by Plaintiff's counsel's decision to file the 2019 Action instead of pursuing this action under the correct rules[2], notwithstanding Defendants' suggestion to the contrary, the court does not perceive Plaintiff to be seeking amendment in bad faith. Therefore, there is no cause to deny the leave to amend on this basis.

### III. Conclusion

In accordance with the foregoing, the Court **GRANTS** Plaintiff's motion for leave to file a first amended complaint. (Doc. No. 11.) It shall be Plaintiff's responsibility to file the FAC with the court no later than *June 20, 2019*. Defendants shall respond to Plaintiff's FAC within the limits established by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: June 13, 2019

Hon. Jeffrey T. Miller
United States District Judge

---

[2] Counsel is cautioned that, moving forward, he is expected to follow both the Local Civil Rules and Federal Rules of Civil Procedure and ensure that all filings comport with the procedures set forth within them.